## COLLECTION OF CLAIMS OWNED BY BANKRUPT.

Circuit Court of Cuyahoga County.

ANNA CLARK MURPHY v. THE CLEVELAND & SANDUSKY BREWING COMPANY.

Decided, December 9, 1907.

*Bankruptcy—Abandonment of Claim by Trustee.*

A trustee in bankruptcy may abandon a claim due the bankrupt, but there must be some evidence of such abandonment beyond a possible motive for it, before a creditor of the bankrupt, not mentioned in the schedule, can collect such claim for his own benefit.

*Herman Preusser,* for plaintiff in error.
*Squire, Sanders & Dempsey,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Both parties having submitted the cause to the court by the motions made at the close of the evidence, the court was thereby clothed with the functions of a jury, and the verdict directed for defendant should not be set aside, unless clearly against the weight of the evidence. *Bank* v. *Hayes & Sons,* 64 O. S., 100.

The only issue of fact raised by the pleadings was whether the trustee in bankruptcy had abandoned the dividend on the shares of stock in the defendant company which had been transferred to it. This dividend was declared August 1, 1903. When it was payable does not appear. Plaintiff brought her suit against Barrett and garnisheed the brewing company August 13, 1903, twelve days after the dividend was declared, but whether before or after it was payable, does not appear. This twelve days interval, therefore, is of no weight in determining whether the trustee had abandoned the dividend.

The fact that all of Barrett's personal debts had been paid and a surplus turned over for the payment of his partnership debts would furnish a motive for the trustee, were he to abandon this dividend in the face of a claim against it by one of Barrett's personal creditors, such as plaintiff is, but we can not reason

from motive to act in the absence of proof of acts tending to show abandonment. Motive explains action, but it does not prove it.

The objection to evidence offered that plaintiff had no knowledge of the bankruptcy proceedings when she brought this suit was properly sustained. Upon the issue that the trustee had abandoned the dividend, the trustee's knowledge of plaintiff's claim and of the dividend was important, but the plaintiff's knowledge was immaterial.

The fact that the schedule did not show plaintiff's claim is of no weight. Had it shown said claim this might have been more reason for the trustee's abandoning the dividend to the claimant.

The evidence of the refusal of the trustee to become a party to this case and of its motive to quash service upon it is of some weight upon the issue of abandonment. It was the only evidence thereof offered in the case. The trial judge held this evidence insufficient to show abandonment and we are unable to say that he was clearly wrong in this. The pleadings show that plaintiff had knowledge of the bankruptcy proceedings within one year of the adjudication therein, and it may be that the trustee preferred, and had a right to prefer that the plaintiff make proof of her claim before him and, upon her failure so to do, that he might use the dividend for the benefit of the partnership creditors.

Our sympathy is with the plaintiff, but the law seems to be against her.

Judgment affirmed.